UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRANDON STONE, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-266 DRL-MGG |
| KELSEY TORREZ *et al.*, | |
| Defendants. | |

OPINION AND ORDER

Brandon Stone, a prisoner without a lawyer, filed an amended complaint against eight defendants. ECF 12. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his amended complaint, Mr. Stone states that between August 2, 2019 and July 15, 2021, when he was housed at the Westville Correctional Facility, he filed four complaints against various prison officials regarding his conditions of confinement. ECF 12 at 2. After the officials were made aware of his lawsuits, he says he was subjected to retaliation. *Id*. One form of retaliation had to do with delays in receiving his legal mail. *Id*. From October 24, 2020 to February 21, 2021, he asserts the prison's mailroom staff

either delayed sending out 71 pieces of his legal mail or they did not send out his mail at all. *Id*. Mr. Stone states that the mailroom employees were responsible for the mail delays; and, as a result, he missed court deadlines, his motions were denied, and his cases were dismissed. *Id*.

Prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. *Id*. (citations omitted). Denial of access to the courts must be intentional; "simple negligence will not support a claim that an official has denied an individual of access to the courts." *Id*. at 291 n.11 (citing *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992)).

To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 591, 590 (7th Cir. 1998), and that actual injury (or harm) resulted, *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). "[W]hen a plaintiff alleges a denial of the right to access-to-courts, he must usually plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make timely

2

filings, or that legitimate claims were dismissed because of the denial of reasonable access to legal resources." *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003) (overruled on other grounds). Accordingly, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

Mr. Stone has sued Defendants M. Moore, U.C., M.P., K.S., H.W., C.C., and A.W., who are mailroom employees, alleging that they denied him access to the courts because they either caused delays in sending out his mail or they did not send it out at all. ECF 12 at 2. To the extent he claims these six defendants prevented him from pursuing his legal claims, without any additional information about the underlying proceedings such as the cause number, the deadlines missed, the motions denied, and cases dismissed, this court cannot say Mr. Stone has a claim. Therefore, he may not proceed against these defendants.

Mr. Stone next asserts that Defendant Kelsey Torres, a law library employee, retaliated against him for asserting his First Amendment rights. ECF 12 at 3. He says she retaliated against him by limiting the amount of envelopes and paper he could have and refusing to give him legal books. *Id*. Mr. Stone also claims she read his legal mail and returned it to him instead of sending it out. *Id*. He states she limited his access to the law library so that he would not be able to pursue his legal claims. *Id*.

"To prevail on his First Amendment retaliation claim, [Stone] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation

3

that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). However, Mr. Stone has not alleged facts that plausibly show Ms. Torres's actions were predicated on a retaliatory motive. Thus, Mr. Stone may not proceed on this claim.

Though Mr. Stone's amended complaint does not state a claim, the court will give him an opportunity to replead, if after reviewing this order he believes he can state a claim. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). When he prepares his second amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) and send it to Brandon Stone;

(2) GRANTS Brandon Stone until **March 7, 2022**, to file a second amended complaint on that form; and

(3) CAUTIONS Brandon Stone that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED.

February 1, 2022					*s/ Damon R. Leichty*
						Judge, United States District Court